Case 1:22-cr-20097-BB  Document 10  Entered on FLSD Docket 03/15/2022  Page 1 of 15

FILED by ___KS___ D.C.
Mar 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20097-CR-BLOOM/OTAZO-REYES
_____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1028A
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA,

vs.

DANIEL PINTADO CAZOLA,

       Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1.    The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to certain individuals who were sixty-five years of age or older, or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was subdivided into four program "parts:" hospital insurance (Part A), medical insurance (Part B), Medicare Advantage (Part C), and prescription drug benefits (Part D). Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME") that was medically necessary and ordered by licensed physicians or other qualified health care providers. DME was equipment designed for repeated use and for a medical purpose, such as orthotic devices, wheelchairs, ventilators, speech generating devices, and collagen dressing.

3. DME companies and other health care providers seeking to participate in Medicare Part B and to bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a "provider number" (or "supplier number"). In these applications, DME companies were required to provide truthful and accurate information, including accurately listing the names of all people who have an ownership or security interest in the provider company.

4. The provider number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company provided to beneficiaries. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement.

5. To receive payment from Medicare, a DME company, using its provider number, submitted a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit a CMS-1500 electronically. The CMS-1500 required DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care

2

provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided to or supplied to the beneficiary.

6. When a claim was submitted to Medicare, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare program. The provider further certified that the services and health care items being billed were medically necessary and were in fact provided as billed.

7. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary and ordered by a licensed physician or other licensed, qualified health care provider. Payments under Medicare Part B were typically made directly to the DME company rather than to the beneficiary.

**The Medicaid Program**

8. The Florida Medicaid Program ("Medicaid") was a partnership between the State of Florida and the federal government that provided health care benefits to certain low-income individuals and families in Florida. The benefits available under Medicaid were governed by federal and state statutes and regulations. Medicaid was administered by CMS and the State of Florida's Agency for Health Care Administration ("AHCA"). Individuals who received benefits under Medicaid were commonly referred to as Medicaid "recipients."

9. Medicaid reimbursed DME companies and other health care providers for items and services rendered to recipients, including DME. To receive payment from Medicaid,

providers submitted or caused the submission of claims to Medicaid, either directly or through a Medicaid Managed Care Organization ("MCO").

10. Medicare beneficiaries who were dual-enrolled Medicaid recipients were referred to as "dual-eligible beneficiaries." To receive payment for dual eligible beneficiaries, providers submitted or caused the submission of claims to Medicare and Medicaid, either directly or through a billing company or MCO. Medicare would reimburse the primary cost (80%) and Medicaid would cover the secondary cost (20%) for dual-eligible beneficiaries.

11. Medicaid was funded with both federal and state money, and was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

**The Defendant, a Related Entity, and a Related Individual**

12. Myers Professional Services, Inc. ("Myers Professional Services") was a Florida corporation located at 11595 Kelly Rd, Suite 210, Fort Myers, Florida, that purported to provide DME to Medicare beneficiaries and Medicaid recipients.

13. Defendant **DANIEL PINTADO CAZOLA** was a resident of Miami-Dade County and the beneficial owner of Myers Professional Services.

14. Individual 1 was a resident of Miami-Dade County and the nominee owner of Myers Professional Services.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud, Wire Fraud, and Mail Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

4

2.  From in or around March 2021, and continuing through on or about February 22, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL PINTADO CAZOLA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury, including Individual 1, to commit offenses against the United States, that is:

a.  to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347;

b.  to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343; and

c.  to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and

fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly cause to be delivered certain mail matter by the United States Postal Service, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare and Medicaid; (b) concealing the submission of false and fraudulent claims to Medicare and Medicaid, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for the personal use and benefit of themselves and others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4. **DANIEL PINTADO CAZOLA** installed Individual 1 as the only officer and registered agent, and the sole signer on the corporate bank account, for Myers Professional Services.

5. **DANIEL PINTADO CAZOLA** and his co-conspirators caused Myers Professional Services to submit false and fraudulent claims to Medicare and Medicaid, via interstate wire communications, in an approximate amount of $2.3 million for DME purportedly provided to Medicare beneficiaries and Medicaid recipients, when in truth and in fact, such DME

was not medically necessary and was not provided as represented.

6.   As a result of these false and fraudulent claims, Medicare and Medicaid mailed payments to Myers Professional Services in an approximate amount of $1.6 million.

7.   **DANIEL PINTADO CAZOLA** used the proceeds of the fraud for his own use, for the use of his co-conspirators, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-9
### Health Care Fraud
### (18 U.S.C. § 1347)

1.   The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.   From in or around March 2021, through on or about February 22, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL PINTADO CAZOLA,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs.

### Purpose of the Scheme and Artifice

3.   It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of

false and fraudulent claims to Medicare and Medicaid; (b) concealing the submission of false and fraudulent claims to Medicare and Medicaid, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for his personal use and benefit, the use and benefit of others, and to further the fraud.

## The Scheme and Artifice

4. Paragraphs 4 through 7 of the Manner and Means Section of Count 1 are re-alleged and incorporated herein as a description of the scheme and artifice.

## Acts in Execution or Attempted Execution of the Scheme and Artifice

5. On or about the dates set forth below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **DANIEL PINTADO CAZOLA**, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice in that the defendant submitted and caused the submission of false and fraudulent claims to Medicare and Medicaid, representing that Myers Professional Services had provided DME to Medicare beneficiaries and Medicaid recipients as further described below:

| Count | Beneficiary | Date of Claim Submission | Health Care Program | Claim Number | Approx. Amount Paid; DME Billed |
|---|---|---|---|---|---|
| 2 | B.C. | 11/24/2021 | Medicare | 121328750920000 | $886; Collagen Dressing |
| 3 | H.F. | 11/24/2021 | Medicare | 121328750938000 | $886; Collagen Dressing |
| 4 | A.F. | 11/29/2021 | Medicare | 121333825057000 | $1,289; Home Ventilator |
| 5 | N.P. | 11/30/2021 | Medicaid | 121334796025000 | $886; Collagen Dressing |

| Count | Beneficiary | Date of Claim Submission | Health Care Program | Claim Number | Approx. Amount Paid; DME Billed |
|---|---|---|---|---|---|
| 6 | W.F. | 12/02/2021 | Medicare | 121336725619000 | $1,289; Home Ventilator |
| 7 | M.T. | 12/03/2021 | Medicaid | 121337734796000 | $788; Speech Generating Device |
| 8 | M.Y. | 12/06/2021 | Medicare | 121340770105000 | $788; Speech Generating Device |
| 9 | G.S. | 12/08/2021 | Medicare | 121342734554000 | $788; Speech Generating Device |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 10
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.  Beginning in or around May 2021, the exact date being unknown to the Grand Jury, and continuing through on or about February 22, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL PINTADO CAZOLA,**

knowingly and voluntarily combined, conspired, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly engage in a

9

monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity was health care fraud and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Sections 1347 and 1349.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 11-18**
**Aggravated Identity Theft**
**(18 U.S.C. § 1028A(a)(1))**

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL PINTADO CAZOLA,**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, that is, a scheme and artifice to defraud a health care benefit program, as charged in Counts 2 through 9 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

| Count | Approximate Date | Means of Identification |
|-------|------------------|-------------------------|
| 11 | 11/24/2021 | Name and Medicare Beneficiary Identifier belonging to B.C. |
| 12 | 11/24/2021 | Name and Medicare Beneficiary Identifier belonging to H.F. |

10

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 13 | 11/29/2021 | Name and Medicare Beneficiary Identifier belonging to A.F. |
| 14 | 11/30/2021 | Name and Medicare Beneficiary Identifier belonging to N.P. |
| 15 | 12/02/2021 | Name and Medicare Beneficiary Identifier belonging to W.F. |
| 16 | 12/03/2021 | Name and Medicare Beneficiary Identifier belonging to M.T. |
| 17 | 12/06/2021 | Name and Medicare Beneficiary Identifier belonging to M.Y. |
| 18 | 12/08/2021 | Name and Medicare Beneficiary Identifier belonging to G.S. |

In violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

**FORFEITURE ALLEGATIONS**

1.  The allegations in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **DANIEL PINTADO CAZOLA**, has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1349, a conspiracy to violate Tile 18, United States Code, Sections 1347, 1343, and 1341, and substantive violations of Title 18, United States Code, Section 1347, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.  Upon conviction of a violation of Title 18, United States Code, Section 1956(h), a conspiracy to violate Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States, any property, real or personal, involved in such offense,

11

and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

    4.    The property subject to forfeiture as a result of the alleged offenses, includes, but is not limited to:

        a.    a forfeiture money judgment in the sum of at least $1,302,556.71 in United States currency, which sum represents the value of any property which constitutes or is derived from gross proceeds traceable to the defendant's commission of the offenses; and

        b.    approximately $371,055 in U.S. currency seized on or about February 17, 2022.

    5.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7) and/or 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

AIMEE C. JIMENEZ
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DANIEL PINTADO CAZOLA

      Defendant.      /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**

4. This case will take **4** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     ✓
   - II   6 to 10 days
   - III  11 to 20 days
   - IV   21 to 60 days
   - V    61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdemeanor
   - Felony          ✓

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes: Magistrate Case No. **22-mj-02280-McAliley**
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Aimee C. Jimenez
Assistant United States Attorney
Court ID No.    A5500795

*Penalty Sheet(s) attached                                              REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANIEL PINTADO CAZOLA

**Case No:** _____

Counts #: 1

Conspiracy to Commit Health Care Fraud, Wire Fraud, and Mail Fraud

Title 18, United States Code, Section 1349

* **Max. Penalty:** Twenty (20) years' imprisonment

Counts #: 2-9

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 10

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

***Max. Penalty:** Ten (10) years' imprisonment

Counts #: 11-18

Aggravated identity theft

Title 18, United States Code, Section 1028A

***Max. Penalty:** Two (2) years' imprisonment as to each count, consecutive to any other sentence imposed.

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.