UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20097-CR-BLOOM/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

DANIEL PINTADO CAZOLA,

       **Defendant.**
_____/

## PLEA AGREEMENT

The United States of America and the Defendant, DANIEL PINTADO CAZOLA (hereinafter referred to as "Defendant"), enter into the following agreement:

1. Defendant agrees to plead guilty to Counts 1 and 11 of the Indictment. Count 1 charges the Defendant with conspiracy to commit health care fraud, wire fraud, and mail fraud, in violation of Title 18, United States Code, Section 1349. Count 11 charges the Defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

2. The United States agrees to seek dismissal of Counts 2 through 10, 12 through 18, of the Indictment, after sentencing.

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also

aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a maximum fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater, restitution and criminal forfeiture. Defendant also understands and acknowledges that upon a conviction for Count 11, as specified in paragraph 1, the Court must impose a term of imprisonment of two (2) years, consecutive to any other term of imprisonment imposed on the defendant under Count 1, followed by a term of supervised release of up to one (1) year for Count 11.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be

imposed on the Defendant as to each count. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Office, however, will not be required to make these recommendations if Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to or after entering into this plea agreement;

or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.  The Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

   a.  Actual/ Intended Loss: For purposes of Section 2B1.1, the loss amount, attributable to this Defendant, is approximately $2,339,520, which is more than $1,500,000 and not more than $3,500,000, resulting in an increase of 16 levels.

   b.  Loss to a Government Health Care Program: Pursuant to Section 2B1.1(b)(7), the parties agree to recommend a two-level increase because the loss to a Government health care program under Section 2B1.1 was more than $1,000,000.

   c.  Role in the Offense: Pursuant to Section 3B1.1, the parties agree to recommend a two-level increase for the defendant's role in the offense as an organizer, leader, manager, or supervisor in the criminal activity involved in this case.

9.  Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from Defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office or the Court. Defendant understands further that any recommendation that the Office make to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands

and acknowledges, as previously acknowledged in Paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, the Offices, or a recommendation made jointly by Defendant and the Office.

10. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 982(a)(7) and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

   a. a forfeiture money judgment in the sum of $1,608,759 in U.S. currency, which sum represents the value of the property subject to forfeiture;

   b. directly forfeitable property, including, but not limited to: approximately $371,055.73, seized on or about March 11, 2022.

11. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or

control, and any assets involved in the offense of conviction. Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

    a. submit a financial statement to the Office upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Office of: (i) any change of name,

residence, or mailing address, and (ii) any material change in economic circumstances.

Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

14. Defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A. Defendant understands that the amount of restitution owed to the victim(s) will be determined at or before sentencing unless the Court orders otherwise. The Office and Defendant agree that the amount of restitution Defendant owes to the Medicare and Medicaid programs is $1,608,759.

15. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that

Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's denaturalization and automatic removal from the United States.

16. Defendant confirms that Defendant is guilty of the offenses to which Defendant is pleading guilty; that Defendant's decision to plead guilty is the decision that Defendant has made; and that nobody has forced, threatened, or coerced Defendant into pleading guilty. Defendant affirms that Defendant has reviewed this agreement and enters into it knowingly, voluntarily, and intelligently, and with the benefit of assistance of Defendant's attorney.

17. Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with the Office, to request that the Court

enter a specific finding that Defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

18.  Should Defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, Defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with Defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against Defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States.

19.  This is the entire agreement and understanding between the Office and Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/1/2022  By: _____
AIMEE C. JIMENEZ
ASSISTANT UNITED STATES ATTORNEY

Date: 06-08-22  By: _____
MIGUEL DEL AGUILA, ESQ.
ATTORNEY FOR THE DEFENDANT

Date: 06-06-22  By: _____
DANIEL PINTADO CAZOLA
DEFENDANT