UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

        CASE NO:22-00097-Cr- BB

    Plaintiff,

vs.

DANIEL PINTADO CAZOLA

    Defendant,

_____/

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS, AND OBJECTIONS TO THE PRESENTENCE REPORT

The Defendant, DANIEL PINTADO CAZOLA, by and through his undersigned attorney hereby files his position with respect to the pre-sentence investigation report, (hereinafter "Report"), and response and objections thereto.

### PART A.  THE OFFENSE

**The Offense Conduct.**

Paragraph 27, 60.  Objection.

Defendant did not "install" Fonseca as the nominee owner, or the as the only officer and registered agent, and as the sole signer on the corporate bank account, for Myers. That decision was not made by the defendant.

**Role**

Paragraph 59.  **Objection**.  Defendant objects to the conclusion that he is deserving of a two-level enhancement under 2B1.1(b)(10)(C), for intentionally engaging or causing any conduct that constitutes sophisticated means.

1

Congress amended § 2B1.1(b)(10)(C) in 2015 so that the specific offense characteristic for "sophisticated means" would apply only to the defendant's individual conduct in the offense and not the overall scheme; this section now centers on the defendant' actual conduct rather than on the conduct of all individuals involved in the conspiracy. The reason for the amendment was to narrow the focus of the enhancement to the sophistication of the defendant's personal conduct, not the scheme as a whole. *United States v. Presendieu, 880 F. 3d 1228, 1248 (11th Cir.2018).* See U.S.S.G. supp. to app. C, amend. 792; the commentary acknowledges that Amendment 792 "narrow[ed]" the scope and defines as "sophisticated means" "especially complex, or especially intricate conduct" that pertains to executing or concealing the offense. *Id. § 2B1.1* comment. (n.9(B)). of the offense characteristic. U.S.S.G. supp. to app. C, amend. 792 (Reason for Amendment).

Mr. Pintado's conduct in this case does not reach the level of sophistication required for the enhancement to apply to him.  There is nothing on the record to indicate that he ***personally*** involved himself, or direct anyone to engage in any conduct that is especially complex, or especially intricate to either execute this offense or to attempt to conceal it. The Court should not apply the sophisticated means enhancement to Mr. Pintado.

**Offense Level Computation**

Paragraph 69.  Specific Offense Characteristics**.**  Objection.

There should be no enhancement for sophisticated means.

**Adjusted Offense Level**

Paragraph 33.  Objection.

2

The Adjusted Offense Level should be 27 not 29.

**Total Offense Level**

Paragraph 77.  Objection.

The Total Offense level should be 24 not 26.

### PART D.  SENTENCING OPTIONS

Paragraph 113.  Objection

Based on a Total Offense Level of 24 and a Criminal History Category of I, the guideline imprisonment range should be 51 to 63 months.

Respectfully submitted,

MIGUEL DEL AGUILA, P.A.
100 Almeria Avenue, Suite 100
Coral Gables, Florida 33134
Tel:  305/267-4665
Florida Bar No.: 0232033
delaguilalaw@aol.com

 /s/Miguel del Aguila
 MIGUEL DEL AGUILA

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Objections to the Pre-Sentence Report was filed with the Clerk of the Court using CM/ECF on this 16th day of August 2022 and served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*Miguel del Aguila*
MIGUEL DEL AGUILA