UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

                               CASE NO.: 22-20097-Cr-BB

         Plaintiff,

vs.

DANIEL PINTADO CAZOLA,


         Defendant.
_____/


## MOTION FOR DOWNWARD DEPARTURE
## FROM THE ADVISORY GUIDELINE RANGE

Defendant, by and through undersigned counsel, under §5H1.3 of the Advisory

Sentencing Guidelines moves this Court for a downward departure from the applicable

guideline range.

### *Personal Background*

Daniel Pintado is a 41-year-old male with a criminal history category of I. (PSR

¶ 81).  At age 15, he dropped out of school in Cuba after completion of the 9th grade, due

to "bad grades".  He does not have any special skill or training in any profession or trade.

Although he told the probation officer that interviewed him that he could read and write in

Spanish he also commented that he could "read more or less". (PSR ¶¶ 108-109).  Truth

be told the defendant has problems reading and writing in his native language; needless

to say, he is not fluent in English.   As a child he was seen and treated by a psychologist

because he was "not at ease/calm" and had difficulty with retaining information. (PSR

¶ 104).

In 2000 Mr. Pintado, along with over a dozen other persons left Cuba illegally on

1

a raft; four or five days later all arrived in Key West; he has been living in Miami since that date. Daniel has never been married but has had a steady relationship with his girlfriend Sheila Toledo Jimenez, for over 10 years.  He has no children. (PSR ¶¶ 94-95).  Although physically in good health the defendant has a serious addiction to alcohol and has been arrested for DUI several times. (PSR ¶¶ 79-87).  He needs alcohol treatment. (PSR ¶ 108).

### *Charges and Plea*

Daniel Pintado Cazola is charged by Indictment; Count One charges him with Conspiracy to commit health care fraud, wire fraud and mail fraud in violation of 18 USC §1349;  Counts 2-9 with substantive offenses of Health Care Fraud in violation of Title 18 USC §1347;  Count 10 with a Conspiracy to Commit Money Laundering in violation of Title 18 USC  11-18 §1956 (h); and  Counts 11-18 with Aggravated Identity Theft in violation of United States Code §1028 A. (D.E. 10).  On July 1, 2022, he entered a plea of guilty to Count One and to Count 11. (D.E. 23).

### *Presentence Report*

Relying on the United States Sentencing Guidelines, the Probation Office for the Southern District of Florida prepared a Pre-Sentence Report (PSR) in this case.  The PSR determined that the base offense level is 7, that the amount of loss attributable to the defendant is more than $1,500,000 but less than $3,500,000 which increases the offense level to 23; that he is deserving of a two-level enhancement under  §2B1.1(b)(7)(A),(B)(i) because the offense at conviction is a federal healthcare offense involving a government health care program, and the loss under subsection (b)(1) was more than $1,000,000; that  since  the  offense  involved  sophisticated  means  and  the  defendant  intentionally

2

engaged in or caused the conduct constituting sophisticated means, the offense level is increased by two more levels; and finally that under §3B1.1 (c) he should receive another two level enhancement for an Adjusted Offense Level of 29. After deducting three levels for Acceptance of Responsibility the Total Offense Level calculated by the Probation Office is 26 and the guideline range 63 to 78 months. The defendant must also be sentenced to 24 months consecutively for any imprisonment under the guidelines for Counts 1 and 11. (PSR ¶¶ 64-77). Mr. Pintado has filed Objections to the PSR in which he objects to the two-level increase for engaging in conduct that constitutes sophisticated means. (D.E. 29).

### *Facts*

This case involves a scheme to defraud the Medicare Health Care System, by fraudulently billing Medicare for medical durable equipment (DMDE) that was not medically necessary for use by Medicare beneficiaries and not ordered by a licensed physician or other qualified health care provider. Myers Professional Services Incorporated, (Myers) a Florida corporation located at11595 Kelly Rd, Suite210, Fort Myers, Florida submitted fraudulent bills to the Medicare Program requesting payment for DME provided to Medicare beneficiaries whose personal information (identities) had been stolen and illegally acquired by Myers. Myers intentionally and knowingly sent bills to Medicare for patients that never requested or receive the durable medical equipment billed for by Myers. Once payment was made by Medicare and deposited in Myers', bank account, Myers issued checks to several companies. Those companies then would dispose of the money for their own particular purpose. In furtherance of the conspiracy, Mr. Pintado, although not the legal owner of Myers, or associated with any of the

companies that received the checks, deposited checks in Myers' bank account, mailed documents from Myers and along with others benefited monetarily from his association with Myers.

**REQUEST FOR DOWNWARD DEPARTURE UNDER 5H1.3**

After Mr. Pintado's guilty plea Dr.  Michael J. DiTomasso a Forensic Psychologist with a Ph.D. in Clinical Psychology from the University of Miami, and duly licensed in the State of Florida to conduct psychological evaluations, conducted a Psychological Assessment of Mr. Pintado Cazola; attached as Exhibit A to this Motion is a copy of his report.

Dr. DiTomasso conducted a standard intelligence test on Mr. Pintado, as well as a psychological evaluation.   The intelligence test shows that Mr. Pintado's overall intellectual functioning places him at the 10th percentile of his peers, which places him within the low average rate.   Alarmingly however, on a scale from one to ten  that assesses judgment, and common sense (comprehension) the defendant obtained a score of only three.  According to Dr. DiTomasso, this low score signals an "unevenness in his thinking and an associated failure of judgment on his part, that affect Mr. Pintado's reasoning skills, and is partly responsible for his failure in judgment.  According to Dr. DiTomasso that failure of judgement, prudence and common sense seems to arise from Mr. Pintado's "inconsistency and unevenness across the various components of his intellectual processing". Mr. DiTomasso also believes that the conditions of Mr. Pintado's life as well as his abuse of alcohol are other factors contributing to his failure in judgment. (Report page 4).

Section 5H1.3 of the USSG states that:

### ***Mental and Emotional Conditions***

Mental and emotional conditions may be relevant in determining
Whether a departure is warranted, if such conditions, individually
or in combination with other offender characteristics, are present
to an unusual degree and distinguish the case from the typical
cases covered by the guidelines.

Mr. Pintado's does not suffer from an intellectual disability and/or mental illness, however, the unevenness in his thinking and his failure in judgment as described by Dr. DiTomasso, reflects a mental condition that is grounds for a downward departure under §5H1.3.

Mr. Pintado's mental condition, and other offender characteristics that are particular to him:

a-) distinguishes his criminal behavior in this case from that of a typical defendant whose actions -unlike Mr. Pintado's- are not affected by a diminished mental capacity and

b-) does so to an unusual degree from the typical cases covered by the guideline.  His mental condition is relevant to an imposition of sentence in this case; although not intellectually disabled, he is neither intellectually gifted nor intellectually average, in fact he is at the low end of the intelligence scale.  That mental impairment discovered by Dr. DiTomasso -the "unevenness in thinking and failure of judgement"- coupled with his addiction to alcohol are the main reasons for his involvement in this case.

Admittedly it is a close call whether Mr. Pintado's mental condition, meets the criteria of §5H1.3.  If the court feels that it does not, defendant requests that his mental condition, together with his alcohol addiction and other offender characteristics particular

5

to the defendant, be considered by the Court as mitigating factors when it evaluates the sentencing factors under 18 U.S.C. §3553(a).

## CONCLUSION

It is respectfully submitted that defendant's mental condition affected his thinking and judgment, which led to his involvement in this case. As such this Court should depart downward under §5H1.3 of the USSG between four to six levels.

## **LOCAL RULE 88.9 CERTIFICATE**

I HEREBY CERTIFY, pursuant to S.D.Fla.L.R. 88.9(a), that undersigned counsel has conferred with AUSA Aimee Jimenez in good faith effort to resolve the matters raised in this motion.   Ms. Jimenez opposes the instant Motion.

Respectfully submitted,
MIGUEL DEL AGUILA, P.A.
100 Almeria Avenue, Suite 220
Coral Gables, Florida 33134
Tel:  305/267-4665
Florida Bar No.: 0232033
delaguilalaw@aol.com

*/s/Miguel del Aguila*
MIGUEL DEL AGUILA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion for Downward Departure was filed with the Clerk of the Court using CM/ECF on this 17th day of August 2022 and was served on all counsel or parties record via transmission of Notices of Electronic Filing generated by CM/ECF.

*Miguel del Aguila*
MIGUEL DEL AGUILA

6