UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

            CASE NO.: 22-20097-Cr-BB

    Plaintiff,

vs.

DANIEL PINTADO CAZOLA,

    Defendant.
_____/

MOTION FOR DOWNWARD VARIANCE
FROM THE APPLICABLE GUIDELINE RANGE

Defendant Daniel Pintado Cazola, pursuant to 18 U.S.C. §3553(a) moves this Court for a downward variance from the advisory guideline range. The grounds for this Motion are as follows:

*U.S.C. § 3553(a)* states that a court must impose a sentence which is sufficient but not greater than necessary. An analysis of the sentencing factors enumerated in *§3553(a)* reveal that although serious, the offense committed by Mr. Pintado does not involve violence, firearms, narcotics, human or sex trafficking or terrorism. As a result, the defendant submits the following as factors to consider in favor of a downward variance in this case.

***Mental and Emotional Condition***

As part of his request for a downward variance defendant adopts the Downward Departure Motion filed in this cause on August 17th, 2022.

1

### *Defendant's alcohol addiction*

Defendant was 17 years of age when his mother died suddenly in Cuba. As described by his sister, that sudden loss "overwhelmed him" and is still affecting him to this day. To escape from the reality of the loss of his mother he turned to alcohol, which by his own account "makes him happier". His addiction to alcohol, while surely of his own making, is something he recognizes and wants to overcome. Substance abuse has been recognized by courts as a mitigating factor in sentencing. See *United States v. Garcia, 497 F.3d, 964, 971-72 (9th Cir. 2007)*. *United States v. Miller, 843 Fed. Appx 234, 238 (11th Cir. 2021).* While drug addiction cannot afford a basis for a downward departure, it can be factored into the §3553 sentencing factors.

### *Defendant's status as deportable alien*

Mr. Pintado is not a United States citizen, as a result, his status as a deportable alien will unnecessarily place him in a more restrictive status of confinement, and deny him access to BOP's early release, and community confinement programs that are otherwise available to the general prison population. See *U.S. v. Davoudi, 172 F.3d 1130 (9th Cir.1999)* (where defendant convicted of making false statements to bank, district court had discretion to depart downward because deportable alien may be unable to take advantage of minimum security designation of the up to six months of home confinement authorized by *18 U.S.C. §3624(c); U.S. v. Charry Cubillos, 91 F.3d 1342, 1344 (9th Cir.1996)(same); U.S. v. Farouil, 124 F.3d 838 (7th Cir. 1997)* (where defendant charged with importing heroin, district court may consider whether defendant status as a deportable alien would result in unusual or exceptional hardship in conditions of confinement that might warrant a departure (ineligible for home detention, community

confinement, work release, intermittent incarceration, or minimum security designation.) *U.S. v. Smith, 27 F.3d 649 (D.C.Cir.1994)* (defendant status as a deportable alien subject him to harsher confinement because ineligible for benefits of early release and not eligible for minimum security prison; so, court has authority to consider downward departure).

### *18 U.S.C. §3553(a) factors*

*U.S.C. § 3553(a)* states that a court must impose a sentence which is sufficient but not greater than necessary. An analysis of the sentencing factors enumerated in *§3553(a)* reveal that the nature of this offense is indeed serious, but Mr. Pintado's mental condition and addiction to alcohol contributed greatly to his involvement in the offense. *See Defendant's Exhibit A.*

Sentencing is an individualized process; the history and characteristics of this defendant cry out for mitigation from the advisory guideline range in this case. Not only will he be sentenced under the Guidelines for his violation of Count I, but on Cout 11 he will also be sentenced to 24 months consecutive for Count I.

A sentence below the advisory guideline range will more than reflect the seriousness of the offense, promote respect for the law and provide just punishment for Mr. Pintado in this case. When one considers the consecutive term of imprisonment that must be imposed under Count 11, the term of incarceration suggested by the advisory guideline range in this case is not needed to afford adequate deterrence or to protect the public from future criminal acts by the defendant.  Predicting an individual's future behavior is impossible but the history and characteristics of the defendant, as well as Dr. DiTomasso's report, suggest that he will never again be involved in criminal behavior. Given his background and the reasons for her involvement in this case to begin with, the

3

likelihood that he will be a repeat offender is particularly low. All signs point to an individual that will from now on lead a life as a law-abiding citizen who will transgress no more.

### *Parsimony is the law*

Legislative history indicates that both the House and the Senate insisted that the principle of parsimony be a part of federal sentencing. Indeed, it is codified in *18 U.S.C. §3553(a)* which in its preamble states that "the court shall impose a sentence sufficient, but not greater than necessary to [achieve the purpose of sentencing]". Though neglected for years under the mandatory guideline rule, the Supreme Court's recent sentencing decisions have breathed new life into this principle, which as explained by Professor Berman, the nation's leading academic authority on sentencing, means that:

> The Federal Sentencing Reform Act includes a parsimony provision through its instructions to judges in 18 USC §3553(a) that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of punishment] set forth in [the Sentencing Reform Act], [fn 222] and provisions of some other Modern state sentencing systems might also be said to reflect parsimony principles. [fn 223] Though the federal parsimony provision received little attention during the first fifteen years of federal guidelines sentencing, [fn 224] the Booker remedy now makes the federal parsimony provision a more central part of the federal sentencing enterprise, and the lower courts already are grappling thoughtfully with this important concept in federal sentencing. [fn 225] It might be said also that the Apprendi Blakely rule, by allowing an increase to available punishments only based on jury determinations and proof beyond a reasonable doubt, also reflects a particular procedural commitment to parsimony principles.

Douglas A. Berman, *Reconceptualizing Sentencing,* U. CHI. L. FORUM 1, 48 (2005) (footnotes omitted).

It is this parsimony provision that now serves as "the guidepost for sentencing decisions post Booker". *United States vs. Ferguson,* 456 F. 3d 660, 667 (6th Cir. 2006) and the one that this Court should focus on as it ponders what punishment to impose on

4

Mr. Pintado.

## CONCLUSION

A sentence below the guideline range will more than reflect the seriousness of the offense, promote respect for the law and provide just punishment for Mr. Pintado in this case. The term of incarceration suggested by the advisory guideline range in this case is not needed to afford adequate deterrence or to protect the public from future criminal acts by the defendant. The court should grant a variance from the suggested guideline range and sentence Mr. Pintado to a total term of incarceration not to exceed 60 months.

## **LOCAL RULE 88.9 CERTIFICATE**

I HEREBY CERTIFY, pursuant to S.D.Fla.L.R. 88.9(a), that undersigned counsel has conferred with AUSA Aimee Jimenez in good faith effort to resolve the matters raised in this motion. Ms. Jimenez opposes the instant Motion.

> Respectfully submitted,
> MIGUEL DEL AGUILA, P.A.
> 100 Almeria Avenue, Suite 220
> Coral Gables, Florida 33134
> Tel: 305/267-4665
> Florida Bar No.: 0232033
> delaguilalaw@aol.com
>
> */s/Miguel del Aguila*
> MIGUEL DEL AGUILA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion for Downward Variance was filed with the Clerk of the Court using CM/ECF on this 17th day of August 2022 and was served on all counsel or parties record via transmission of Notices of Electronic Filing generated by CM/ECF.

> *Miguel del Aguila*
> MIGUEL DEL AGUILA